BLD-034                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-3629
_____

JUSTIN MICHAEL CREDICO,
                                        Appellant

v.

JAMES MILLIGAN, PHILADELPHIA C2 FBI AGT.,
INDIVIDUAL AND OFFICIAL CAPACITY;
UNKNOWN ICE AGENT, INDIVIDUAL AND OFFICIAL CAPACITIES;
ALL OTHER JANE/JOHN DOES, AGENTS WHICH MAY BE
DISCOVERABLE IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 2:13-cv-04111)
District Judge:  Honorable Juan R. Sanchez
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
November 7, 2013
Before:  AMBRO, CHAGARES and VANASKIE, Circuit Judges

(Opinion filed: November 22, 2013)
_____

OPINION
_____

PER CURIAM

        Justin Michael Credico sought to file a complaint *in forma pauperis* ("ifp") against

a named FBI agent, "unknown ICE agents," and "all other Jane/John Does (Agents)

which may be discoverable." In his complaint, he alleged that he "decided to design an idea for a computer C++ program to do rotation cleartext encryption." After the program "was sent to the Phila defendant(s) to initiate APA approval in a sense," the defendants "attempted to use [the] encryption expressive idea as a means to establish mental health." To elaborate, he alluded to the information being sent to the Chester County Court of Common Pleas "to be used against [him] (mental capacity nature)." He also asserted that the defendants' action violated his First Amendment rights and principles of free trade (the latter because "encryption makes 'human readable' text know as plaintext to ciphertext"). In his complaint, he used obscenities, reporting, among other things, that the "fed. govt thought [he] was full of shit" and that he had told the "U.S. govt. to go fuck itself." As relief, Credico sought asylum in Spain, Germany, Russia, or Ecuador (with the delivery of "certificates of loss of nationality" from the consulates of each country listed); injunctive and declaratory relief "making rotation cleartext a safe import/export per the munitions list"; and damages.

The District Court granted Credico's motion to proceed ifp and dismissed the complaint as frivolous. Describing the filing as rambling and full of obscenities, the District Court could not discern a "clear, logical, or legitimate basis for a non-frivolous claim." The District Court denied leave to amend on the basis that it would be futile. The District Court further warned Credico if he continued to use obscene language in his filings, the District Court would strike the language or consider sanctions.

Credico moved for reconsideration. He asserted that the language he used was not obscene; stated that "[i]f the [District Court] judge has a problem," he should recuse instead of "sit[ting] on his throne like an angry govt megalomaniac"; and claimed that his allegations were not irrational because they could be found "in the Commonwealth's case #CP-15-CR-1148-2011."[1] He also cited four cases, explaining that they were about "how cryptography laws work." He also opined on then-current events.

The District Court denied Credico's motion, noting that the motion did little to clarify the claims in the complaint. The District Court also stated that although the legal citations related to encryption software and federal regulations, they did not explain why Credico sued the defendants in this case. The District Court also explained that the citation to Credico's criminal case did not reveal what, if anything, the charges had to do with his claims in this case.

Credico appeals. In his notice of appeal, he asserts that his complaint included "allegations of cryptography and computer-related free speech, trade, and potential

---

[1] In that case, Credico, a former student at West Chester University, was charged with four counts of harassment for sending threatening e-mails to the President and Chief of Police at West Chester University. He was convicted of two counts, but he was given probation and directed to have a mental health evaluation. In 2012, he was sentenced to the balance of his maximum sentence for violating the conditions of probation (he has since been released from prison). A related habeas petition (his third) is pending in the District Court. See Credico v. Att'y Gen. of Pa., E.D. Pa. Civ. No. 2:13-cv-02819. (The other two habeas petitions, filed in Credico v. McFadden, E.D. Pa. Civ. No. 2:11-cv-06439, and Credico v. Adult Probation/Parole, E.D. Pa. Civ. No. 2:12-cv-03269, were not adjudicated on the merits.)

copyright violations." He asserted that the District Court dismissed his complaint in error because of an unfamiliarity with programming and computers.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over the order dismissing the complaint. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). We review the decisions to deny leave to amend and reconsideration for abuse of discretion. See Cureton v. NCAA, 252 F.3d 267, 272 (3d Cir. 2001).

Upon review, we will dismiss Credico's appeal as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) because it does not have an arguable basis in fact or law. See Neitzke v. Williams, 490 U.S. 319, 325 (1989). The District Court did not err is dismissing the unfocused, obscenity-laced complaint, from which no basis for relief can be discerned, as frivolous.

The District Court also did not err in denying Credico's subsequent motion for reconsideration. In his motion, Credico cited cases relating to cryptography and First Amendment protection. However, he did not present a basis for reconsideration. See Max's Seafood Cafe by Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999). Even if he showed that he had defined encryption in his complaint, see Junger v. Daley, 209 F.3d 481, 482 (6th Cir. 2000) ("Encryption is the process of converting a message from its original form ('plaintext') into a scrambled form ('ciphertext')."), and that courts have held that computer source code is protected by the First Amendment, see id. at 485, his motion did not at all show that he had articulated actionable claims. Even if judicial notice is taken of the existence of his Chester County criminal case, it remains impossible

4

to identify a claim against the defendants he named.

We also conclude that the District Court did not abuse its discretion in disallowing Credico leave to amend on futility grounds. Through the motion for reconsideration and his notice of appeal, Credico has not revealed how he could amend his complaint to state a claim and no potential actionable amendment is apparent. We also note that to the extent the Credico suggested that the District Court should recuse, his arguments were baseless.

For these reasons, we will dismiss this appeal as frivolous.